NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANDES INDUSTRIES, INC.; PCT
INTERNATIONAL, INC.,

No.   17-17058
      18-15760

Plaintiffs-Appellants,

D.C. No. 2:15-cv-01810-NVW

v.

MEMORANDUM*

EZCONN CORPORATION; EGTRAN
CORPORATION,

Defendants-Appellees.

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted May 14, 2019
San Francisco, California

Before:  THOMAS, Chief Judge, and McKEOWN and GOULD, Circuit Judges.

Andes Industries, Inc. and PCT International, Inc. (collectively, "Andes")

appeal various decisions made by the district court in these companion appeals: a

grant of summary judgment, denial of relief under Federal Rule of Civil Procedure

56(d), grant of a motion to dismiss, and award of attorney's fees.  We have

---

      *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the district court on all of its orders, except we affirm in part and reverse in part the attorney's fees award. Because the parties are familiar with the facts, we need not recount them here.

A denial for a request for relief under Rule 56(d) is reviewed for abuse of discretion. *See Landmark Dev. Corp. v. Chambers Corp.*, 752 F.2d 369, 373 (9th Cir. 1985) (per curiam). We review *de novo* the district court's grant of summary judgment, *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011), and dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). We also review the applicability of an attorney's fees provision *de novo*. *See Hall v. Elected Officials Retirement Plan*, 383 P.3d 1107, 1119 (Ariz. 2016).

Pursuant to Rule 56(d), "where a party has had no previous opportunity to develop evidence and the evidence is crucial to material issues in the case, discovery should be allowed before the trial court rules on a motion for summary judgment." *Program Eng'g, Inc. v. Triangle Publ'ns, Inc.*, 634 F.2d 1188, 1193 (9th Cir. 1980). The district court's use of the 30(b)(6) testimony procedure— though unusual—was a tool of its own case management. Nothing, including this procedure, prevented Andes from conducting the discovery it needed between July 2016 and September 2017. We conclude that the district court did not abuse its discretion in denying Andes' request for relief under Rule 56(d).

The standard for granting leave to amend a complaint is liberal, *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990), but not infinitely so. The district court applied the appropriate analysis to Andes's motion, *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004), and its determination to deny leave to amend was not an abuse of discretion.

We also affirm the grant of summary judgment and the motion to dismiss for the reasons identified by the district court.

Finally, we affirm in part and reverse in part the district court's award of attorney's fees. Contrary to the district court's order, EZconn Corporation ("EZconn") and eGtran Corporation ("eGtran") cannot collect fees for third parties. Arizona law permits for the recovery of attorney's fees for actions "arising out of a contract" for "the successful party." Ariz. Rev. Stat. § 12-341.01(A). Though we agree that Andes's contract and non-contract claims arise out of the contract, EZconn and eGtran lacked statutory standing to seek fees on behalf of other parties in the litigation. Accordingly, we reverse and remand the attorney's fees order for the district court to recalculate the fees owed to EZconn and eGtran for their individual representations. This directive also applies to fees related to the earlier Ninth Circuit appeal in which EZconn was not a party.

Each party shall pay its own cost on appeal. The motion to take judicial notice is moot.

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**